# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

ROBERT WAYNE HART,

    Plaintiff,

vs.                                            CASE NO.5:09-cv-257/RS-MD

ERIC H. HOLDER, JR., ATTORNEY
GENERAL of the UNITED STATES,

    Defendant.

_____/

## ORDER

Before me is Defendant's motion for summary judgment (Doc. 25).

## I. STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

1

Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

## II. BACKGROUND

I accept the facts in the light most favorable to Plaintiff. *See Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1343 n.1 (11th Cir. 2002)). "'All reasonable doubts about the facts should be resolved in favor of the non-movant.'" *Id.* (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368-69 (11th Cir. 1982).

There are three different institutions all on the grounds of the Federal Correctional Institution in Marianna, Florida ("FCI Marianna"). One is FCI Marianna, which houses approximately 1,200 male, medium security inmates. The second is the Federal Prison Camp ("FPC"), which houses approximately 275 female inmates. The third is a protective custody unit ("PCU") commonly known

as "Shawnee." Plaintiff Hart is a Correctional Counselor for the Department of Justice Bureau of Prisons ("the Agency") at FCI Marianna. Plaintiff is a white male. The Warden of FCI Marianna is Scott Middlebrooks. The Associate Warden is Agnes Davis.

A Correctional Counselor at the FPC announced her retirement in late 2007, which created an opening for a Correctional Counselor position at the FPC. Plaintiff expressed his interest in a reassignment to the Correctional Counselor vacancy at the FPC numerous times to Warden Scott Middlebrooks and Jennifer Saad, the Camp Administrator at the FPC. However, Connie Copeland, an African American female, was selected for the Correctional Counselor position at the FPC instead of Plaintiff.

After Plaintiff was not selected for the Correctional Counselor position at the FPC, he sought and was selected for a transfer to Shawnee. Plaintiff sought the reassignment due to his unhappiness with his work environment at FCI Marianna. He has now brought a claim against Defendant for employment discrimination.

### III. ANALYSIS

To establish a claim for disparate treatment discrimination, a plaintiff can use direct evidence or circumstantial evidence of discrimination. *Burke-Fowler v. Orange County,* 447 F.3d 1319, 1323 (11th Cir. 2006). Regardless of the approach a plaintiff chooses to take, a plaintiff in an employment discrimination

lawsuit "always has the burden of demonstrating that, more probably than not, the employer took an adverse employment action against him on the basis of a protected personal characteristic." *Wright v. Southland Corp.*, 187 F.3d 1287, 1292 (11th Cir. 1999). Thus, there is a requirement that the discrimination resulted in an adverse employment action.

Defendants argue that Plaintiff did not suffer an adverse employment action because the position at the FPC was only a lateral transfer. "A lateral transfer that does not result in 'lesser pay, responsibilities, or prestige' is not adverse." *Barnhart v. Wal-Mart Stores,* 206 Fed. Appx. 890, 893 (11th Cir. 2006) (citing *Doe v. Dekalb County School Dist.*, 145 F.3d 1441, 1448-49 (11th Cir. 1998). "Likewise, the refusal to given an employee such a transfer cannot be an adverse employment action." *Barnhart* at 893.

Plaintiff sought a lateral transfer when he sought the position at the FPC. Plaintiff's position at FCI Marianna and the position he sought at the FPC were both Correctional Counselor positions. Plaintiff argues that the duties of the position at the FPC are different than that which he currently holds at the Shawnee Unit. However, Plaintiff's position at Shawnee is irrelevant to this case since it was a voluntary transfer that he requested. The correct position to compare with the position at the FPC is Plaintiff's original job at FCI Marianna as a Correctional Counselor. Plaintiff has failed to produce any evidence that his position at FCI

4

Marianna is significantly different from the position he sought at the FPC, or has less "pay, responsibilities, or prestige." Plaintiff has therefore failed to produce evidence that he was subject to an adverse employment action. *See* Barnhart at 893. His claims fail as a matter of law, both under the "direct evidence" analysis, as well as the "circumstantial evidence" analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 972, 93 S.Ct. 1817 (1973).

## IV. CONCLUSION

Defendant's motion for summary judgment (Doc. 25) is **granted.**

**IT IS ORDERED:**

1. The Clerk is directed to enter judgment for Defendant against Plaintiff.

2. The Clerk is directed to close the file.

**ORDERED** on July 2, 2010.

> **/s/ Richard Smoak**
> **RICHARD SMOAK**
> **UNITED STATES DISTRICT JUDGE**